Jones, J.
 

 Although the first cause of action contained in Sutliff’s petition appeared to be upon its face one for equitable relief, when the cause was submitted ,to the Court of Appeals that court held that reformation of the written contract was not necessary for the reason that the Bohill tract had actually been conveyed to the plaintiff in accordance with the intention of the parties. In view of that fact it was not necessary for the plaintiff to seek any equitable relief, and, when the case was appealed to the Court of Appeals, that court properly refused reformation. The case actually presented and tried in the trial court was one wherein damages were sought from the plaintiffs in error because of false representations made by them to the plaintiff below as to the character of the mining property which they induced him to buy.
 

 The proceeding in the Court of Appeals developed the fact that the jurisdiction on appeal there sought was a pretense, in view of the facts presented and conceded, and that no equitable relief by plaintiff below was necessary in order 'to recover the damages sought.
 

 “Otherwise, as the courts have frequently pointed out, a litigant, by a pretended claim for equitable relief, might deprive his opponent of adyantages incident to an action at law, as for
 
 *37
 
 instance, his constitutional right of trial by jury.” Í0 Ruling Case Law, p. 373.
 

 Let us assume that the plaintiff below, having-failed in his action, had appealed his cause to the Court of Appeals as a chancery case. It cannot be doubted that, then, although he might invoke the jurisdiction of a chancery court upon the face of his pleading, a disclosure in that court to the effect that the equitable relief demanded by him was pretended and not real would impel it to refuse reformation of the contract.
 

 On the showing made in the Court of Appeals, it developed that the case was solely an action at law for damages, and that court properly refused to entertain jurisdiction upon that question. In the trial court, a jury having been waived, the second cause of action for damages was fully heard and determined by that court, which found in favor of the plaintiff below, and in view of this record that judgment can be attacked only by proceedings in error.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Robinson, Matthias, Day, and Allen, JJ., concur.
 

 Wanamaker, J., not participating.